Dear Mr. Graphia:
On behalf of the State Indigent Defender Board you are requesting an opinion of this office regarding the purchasing of equipment, leasing of space and employing of personnel by the Indigent Defender Boards throughout the State. In your letter you have proposed six (6) specific questions which will be treated individually as follows:
"1. Are the District Indigent Defender Boards state or local agencies?"
Act 653 of 1976 (R.S. 15:144) establishes an Indigent Defender Board for each judicial district of the state. It is the opinion of this office that each of the Indigent Defender Boards are local political subdivisions of the state and therefore as such are local agencies and not state agencies.
"2. Must the District Boards comply with public bid laws?"
R.S. 38:2211, the Public Bid Law, is applicable to all political subdivisions of the state and therefore as such the District Indigent Defender Boards must comply with the provisions of the Public Bid Law where applicable. It must be noted, however, that certain purchases by the District Boards due to the limited competition for providing these materials, for example, law books, need not be procured by means of Public Bid Law.
"3. If District Boards find that they must act immediately to set up offices in order that the administration of Criminal Justice may not be disrupted in the parishes, may they in any manner disregard compliance with public bid law on an emergency basis?"
R.S. 38:2211D provides that the Public Bid Law shall not apply in "cases of extreme public emergency where such emergency has been certified to by the governing authority of the agency or body". It is the opinion of this office that the nature of the services to be rendered by the District Indigent Defender Boards would not normally qualify as an emergency exemption under the Public Bid Law and therefore advise that the expenditure of the funds by the District Boards be pursuant to the Public Bid Law where applicable.
"4. Are the District Boards subject to public bid law regarding leases?"
The Public Bid Law regarding leases is found in Title 41 of the Revised Statutes and it is noted that these provisions are applicable to the situation where a political subdivision is attempting to lease certain lands owned by that political subdivision. Furthermore R.S. 41:1291 et seq. provides in essence for a political subdivision to lease from another political subdivision or another state agency without the necessity of public bid. It is the opinion of this office that there is no requirement for the District Indigent Defender Boards to lease office space pursuant to the Public Bid Law regarding leases.
"5. Must the employees of the District Boards be subject to Civil Service?"
R.S. 15:145D(2) provides as follows:
 "Appointment of a Chief Indigent Defender. The District Board may appoint a Chief Indigent Defender and such assistants and supporting personnel as it deems necessary. The Chief Indigent Defender shall be appointed for a period of three years and may not be a member of the board. The salaries of the Chief Indigent Defender and all assistants and supporting personnel shall be fixed by the District Board. All employees of the board shall possess such powers and duties as prescribed by the District Board and consistent with the Code of Professional Responsibility."
A review of the constitutional provisions as respects civil service, together with the above quoted language, indicates that the employees of the District Boards are not subject to any particular civil service system. Therefore, it is the opinion of this office that the employees of the District Boards are not subject to civil service.
"6. Must the employees of the District Boards be enrolled in the state retirement system or any other state system?"
In that the District Boards are considered local political subdivisions or local agencies and not agencies of the state, the employees of the District Boards are not required to be enrolled in the State Employees' Retirement System. A review of the other state systems does not reveal any public retirement system for which the employees of the District Boards would be eligible. Therefore, it is the opinion of this office that the employees of the District Boards are not eligible for membership in the state retirement system or any other state system but rather they are subject to social security.
I trust that the above satisfactorily answers your inquiry and should we be of any further assistance please advise.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: _____________________________ CARMACK M. BLACKMON ASSISTANT ATTORNEY GENERAL
CMB:dna